IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FERNANDO DIAZ, # 287059, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv1259-MHT |
| | ) | (WO) |
| LEEPOSEY DANIELS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Fernando Diaz ("Diaz") on December 29, 2014.  Doc. No. 1.[1]  Diaz challenges the ten-year sentence imposed by the Montgomery County Circuit Court upon his 2012 guilty plea conviction for sexual abuse of a child.  The respondents (Doc. No. 10) contend that Diaz's petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions.  *See* 28 U.S.C. § 2244(d).  After reviewing the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that Diaz's petition should be denied as untimely.

**II.   DISCUSSION**

***AEDPA's Limitation Period***

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. References to exhibits ("Resp'ts Ex.") are to those included with the respondents' answer (Doc. No. 10).  Page references are to those assigned by CM/ECF.

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On November 26, 2012, in the Circuit Court of Montgomery County, Alabama, Diaz pled guilty to sexual abuse of child less than twelve years of age, in violation of 13A-6-69.1, Ala. Code 1975. Resp't's Ex. A at 2. On that same date, the trial court sentenced Diaz to ten years' imprisonment. *Id*. Diaz took no appeal.

2

In May and September of 2014, Diaz filed with the trial court motions for Reduction of Sentence and to Amend Plea. Resp't's Exs. B & C. It appears there have been no rulings on those motions.[2]

Section 2244(d)(1)(A) provides that the one-year limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. 28 U.S.C. § 2244(d)(1)(A). The Circuit Court of Montgomery County imposed sentence on Diaz on November 26, 2012. Because Diaz did not file an appeal, his conviction became final on January 7, 2013 – *i.e.*, 42 days after imposition of sentence – as that was the date on which his time to seek direct review expired. *See* Ala. R. App. P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for Diaz to file a § 2254 petition began to run on that date. Absent statutory or equitable tolling, that limitation period expired on January 7, 2014.

### *Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed

_____

[2] Part of Diaz's complaint is that the trial court has not ruled on his motions for Reduction of Sentence and to Amend Plea. His recourse in this regard is to file a petition for writ of mandamus in the Alabama Court of Criminal Appeals requesting that the appellate court order the trial court to rule on the motions. *See* Ala. R. App. P. 21. That these motions remain pending in the state court is of no practical consequence to the outcome for Diaz's instant § 2254 petition. As discussed in this Recommendation, the motions were filed with the trial court after the federal limitation period elapsed, and thus, even if they are deemed to be properly filed applications for state post-conviction review, *see* 28 U.S.C. § 2244(d)(2), they would have no tolling effect on the running of the limitation period.

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Assuming – without finding – that Diaz's motions for Reduction of Sentence and to Amend Plea filed in May and September 2014 were properly filed applications for state post-conviction review, those motions had no tolling effect under § 2244(d)(2), because AEDPA's one-year limitation expired before the motions were filed. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year federal statute of limitations has expired, it does not toll the statute because no time remains to be tolled). Here, the limitation period ran unabated for a year after January 7, 2013, and expired on January 7, 2014 – *i.e.*, before Diaz filed any of his motions for Reduction of Sentence or to Amend Plea.

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for Diaz such that AEDPA's limitation period commenced on some date later than January 7, 2013, or elapsed on some date later than January 7, 2014. There is no evidence that any unconstitutional or illegal State action impeded Diaz from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Diaz presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

4

### *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). As the Supreme Court has reaffirmed, a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Secretary Dept. of Corr.*, 161 F. App'x 902, 903 (11th Cir. 2006). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Diaz suggests that his lack of English-language proficiency and his resulting dependence on the assistance of a fellow inmate constitute extraordinary circumstances that entitle him to equitable tolling. However, the Eleventh Circuit has held that an inability to understand English does not constitute extraordinary circumstances justifying equitable tolling. *See United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013). Moreover, there is no evidence that any sort of language barrier actually prevented Diaz from timely filing his petition. Even if Diaz

5

needed assistance with his case due to his inability to understand the English language, his filings are evidence he could obtain sufficient assistance to pursue his claims. Accordingly, Diaz has not met his burden of showing that equitable tolling is warranted.

For Diaz, AEDPA's one-year limitation period for filing a § 2254 petition expired on January 7, 2014. Because he did not file his § 2254 petition until December 29, 2014, his petition is untimely.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before December 30, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

  Done this 16th day of December, 2016.


      /s/ Wallace Capel, Jr.
    WALLACE CAPEL, JR.
    UNITED STATES MAGISTRATE JUDGE